IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | Case No.: 4:25-cv-12842-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PALMETTO PEE DEE BEHAVIORAL | ) | **MEMORANDUM OPINION AND** |
| HEALTH; UNIVERSAL HEALTH | ) | **ORDER** |
| SERVICES, INC.; AND UHS OF | ) | |
| DELAWARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case arises from allegations that Plaintiff John Doe, while a minor patient receiving treatment at Palmetto Pee Dee Behavioral Health in 2014, was subjected to repeated sexual and physical abuse by other residents and a staff member, and that Defendants are liable for gross negligence, negligence, negligent supervision, negligent infliction of emotional distress, and premises liability arising from those events. (DE 1-1.) Presently before the Court is Defendant UHS of Delaware, Inc.'s ("UHSD") Motion to Dismiss or, in the Alternative, Motion to Strike (DE 5). Plaintiff filed a response in opposition (DE 20), and UHSD filed a reply (DE 21).

For the reasons below, the Court grants UHSD's Motion to Dismiss (DE 5) and denies its alternative Motion to Strike as moot.

## I.     BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true.

## A.     Factual Background

According to the Complaint, Plaintiff John Doe is a citizen of South Carolina and was admitted to Palmetto Pee Dee Behavioral Health ("Pee Dee") in January 2014 for trauma treatment while he was a minor. (DE 1-1 ¶¶ 2, 40.) Plaintiff alleges that Pee Dee operated a residential treatment center for children and teenagers in Florence County, South Carolina. (DE 1-1 ¶ 3.) Plaintiff also alleges that Defendant Universal Health Services, Inc. ("UHSI") is the parent company of both Pee Dee and Defendant UHS of Delaware, Inc. ("UHSD"), and that UHSD serves as a management company for UHSI. (DE 1-1 ¶¶ 4–6.)

Plaintiff alleges that, during his stay at Pee Dee, he was subjected to repeated sexual and physical abuse by other residents and by a staff member. (DE 1-1 ¶¶ 46–84.) According to the Complaint, on Plaintiff's first night at the facility, his assigned roommate engaged in sexual misconduct toward him, which Plaintiff reported to staff, but staff did not immediately separate Plaintiff from the roommate. (DE 1-1 ¶¶ 46–48.) Plaintiff further alleges that another resident later sexually assaulted him and later continued to force him to perform sexual acts and physically assault him. (DE 1-1 ¶ 51.) Plaintiff also alleges that several additional residents physically and sexually abused him during his time at the facility. (DE 1-1 ¶¶ 52–55.)

Plaintiff further alleges that a staff member, identified in the Complaint as Harry Austin, physically abused him by beating him with a belt, kicking and punching him, placing him in chokeholds, and bending his wrists backward. (DE 1-1

2

¶ 56.) Plaintiff also alleges that, in October 2014, two residents severely attacked him by stomping and beating his head and face while Pee Dee staff members stood by and failed to intervene, with one staff member allegedly recording the incident on her phone. (DE 1-1 ¶¶ 58–64.) Plaintiff alleges that staff failed to obtain appropriate medical care for him after the attack. (DE 1-1 ¶¶ 63–64.)

More broadly, Plaintiff alleges that Defendants maintained unsafe conditions at Pee Dee through chronic understaffing, inadequate supervision, and a failure to report and respond to known abuse. (DE 1-1 ¶¶ 14–39, 49–50, 73, 91–101.) Plaintiff asserts that UHSI and UHSD owned, operated, managed, and controlled Pee Dee and that they made or ratified policies concerning staffing, supervision, reporting, and facility operations. (DE 1-1 ¶¶ 4–10, 18–20, 96, 116, 119–121, 128.) Based on these allegations, Plaintiff asserts claims for gross negligence, negligence, negligent supervision, negligent infliction of emotional distress, and premises liability against all Defendants. (DE 1-1 ¶¶ 86–160.)

## B.    Procedural History

Plaintiff filed this action in the Court of Common Pleas for the Twelfth Judicial Circuit, Florence County, South Carolina, on August 4, 2025. Defendant Universal Health Services, Inc. removed the action to this Court on October 6, 2025, asserting diversity jurisdiction under 28 U.S.C. § 1332. (DE 1.) On October 13, 2025, UHSD filed the instant Motion to Dismiss or, in the Alternative, Motion to Strike under Rules 12(b)(6) and 12(f). (DE 5.) Plaintiff later moved to remand, but the Court denied remand on December 8, 2025. (DE 9; DE 15.) Pursuant to a subsequent extension,

Plaintiff filed a response in opposition to UHSD's motion on January 9, 2026 (DE 20), and UHSD filed a reply on January 16, 2026 (DE 21). The motion is now ripe for disposition.

## II.    LEGAL STANDARD

### A.    Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'

4

'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Rule 8(a)(2), Fed. R. Civ. P.).

**B.     Rule 12(f), Fed. R. Civ. P.**

Rule 12(f) provides that a court, acting on its own or on a motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. "Rule 12(f) empowers courts to strike immaterial matter to promote judicial efficiency and avoid needless expenditure of time and money." *Cnty. of Dorchester, S.C. v. AT & T Corp.*, 407 F. Supp. 3d 561, 565 (D.S.C. 2019) (internal quotations and citation omitted). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting another source). Therefore, "such motions are to be granted infrequently" and, upon review, "decisions that are reasonable, that is, not arbitrary, will not be overturned." *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 Fed. App'x. 239, 246–47 (4th Cir. 2007) (per curiam) (quoting another source). Nevertheless, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgt. Holdings, Inc.*, 252 F.3d at 347 (citation omitted).

However, "the Court notes the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). "It is well established that when ruling on a motion to strike, the

court must view the pleading under attack in a light most favorable to the pleader." *Id.*; *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014). Additionally, "[w]here there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with." *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991). "Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense' such that 'its presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Chao v. Hagemeyer N. Am., Inc.*, 2006 WL 8443655, at *2 (D.S.C. Oct. 20, 2006) (quoting another source).

### III.    DISCUSSION

UHSD moves to dismiss on the ground that the Complaint fails to state a plausible claim for relief against it. UHSD argues that Plaintiff's claims fail for two main reasons. First, UHSD contends that the Complaint does not satisfy Rule 8 because it improperly groups together the separate defendants and does not allege facts specific to UHSD. Second, UHSD argues that each cause of action fails on the merits because Plaintiff has not alleged facts showing that UHSD owed him a duty, knew or should have known of any undue risk posed by Pee Dee staff, may be held vicariously liable for the acts alleged, or controlled the premises to support a premises-liability claim. In the alternative, UHSD moves to strike paragraphs 14 through 39 of the Complaint under Rule 12(f). (DE 5-1.)

6

**A.      The Complaint Improperly Groups Together the Defendants and Fails to Allege Facts Specific to UHSD.**

At the outset, the Court finds that the Complaint does not satisfy Rule 8 as to UHSD. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Here, although the Complaint contains detailed allegations regarding Plaintiff's alleged abuse at Pee Dee, it repeatedly refers to "Defendants" collectively and does not identify specific acts or omissions by UHSD, its employees, or its agents in connection with the alleged misconduct. (DE 1-1.)

That is the same deficiency this Court identified in *A.P. v. South Carolina Department of Social Services*, where the plaintiff alleged that UHSD "owned, operated, controlled, and/or managed" a South Carolina facility but did "not identify any particular acts by UHSD, its employees, or its agents in connection with the misconduct alleged." 2025 WL 2778346, at *3 (D.S.C. Sept. 26, 2025). The Court held there that such allegations were insufficient under Rule 8 and Rule 12(b)(6). *Id.* The same reasoning applies here, insofar as Plaintiff likewise relies on collective allegations and a general corporate-management theory, without pleading any particular acts by UHSD tied to the misconduct alleged at Pee Dee. Although Plaintiff alleges that UHSD served as UHSI's "management company" and, together with UHSI, "owned, operated, managed, and controlled" Pee Dee, the Complaint does not differentiate what UHSD itself did, what direct relationship it had with Plaintiff, or what specific conduct by UHSD gives rise to liability. (DE 1-1 ¶¶ 5–10, 88–89, 94–96,

108–09, 114–16, 143–45, 155–57.) Without more, those collective allegations do not provide fair notice of the conduct UHSD is alleged to have committed.

**B.    Plaintiff's Claims for Negligence, Gross Negligence, and Negligent Supervision Fail Because the Complaint Does Not Allege That UHSD Owed Plaintiff a Duty.**

Plaintiff's first three claims against UHSD—negligence, gross negligence, and negligent supervision—fail for the threshold reason that the Complaint does not allege facts showing that UHSD owed Plaintiff a duty in connection with his care and treatment at Pee Dee. Under South Carolina law, "[n]egligence is the breach of a duty of care owed to the plaintiff by the defendant." *Savannah Bank, N.A. v. Stalliard*, 734 S.E.2d 161, 163 (S.C. 2012), quoted in *Fort v. Suntrust Bank*, No. 13-cv-1883, 2016 WL 4492898, at *4 (D.S.C. Aug. 26, 2016). "In any negligence action, the threshold issue is whether the defendant owed a duty to the plaintiff." *Easterling v. Burger King Corp.*, 786 S.E.2d 443, 446 (S.C. Ct. App. 2016). And a negligent supervision claim likewise rests on the defendant's own breach of a duty to exercise reasonable care to control certain employees. *Scibek v. Gilbert*, No. 20-cv-2638, 2022 WL 1121001, at *4 (D.S.C. Apr. 14, 2022). Gross negligence requires, in addition, allegations of reckless, willful, or wanton conduct amounting to a conscious failure to exercise due care. *Fort*, 2016 WL 4492898, at *4; *Berberich v. Jack*, 709 S.E.2d 607, 612 (S.C. 2011).

Here, Plaintiff alleges that the "Defendants" understaffed Pee Dee, failed to train staff, failed to prevent attacks and sexual assaults by other residents, failed to intervene, failed to report abuse, and failed to establish proper policies, customs, and supervision. (DE 1-1 ¶¶ 91–101, 111–121, 127–136.) But those allegations are directed to "Defendants" collectively. The Complaint does not allege facts showing

that UHSD, as opposed to Pee Dee, had custody of Plaintiff, employed Pee Dee staff, supervised or trained those staff members, managed staffing levels or reporting procedures at the Pee Dee facility, or otherwise stood in a direct relationship to Plaintiff giving rise to the duties alleged. To the contrary, the allegations make clear that Plaintiff was entrusted to the custody and care of Pee Dee, not UHSD.

Plaintiff's allegation that UHSD was UHSI's "management company," without more, is not enough to plausibly show that UHSD itself owed Plaintiff the "special," "ministerial," or supervisory duties alleged in the Complaint. As this Court held in *A.P.*, a plaintiff cannot establish the threshold element of negligence-based claims against UHSD by relying on conclusory assertions and a general corporate relationship, without identifying any particular acts by UHSD that are tied to the alleged misconduct. *A.P.*, 2025 WL 2778346, at \*3. The same is true here.

Accordingly, Plaintiff's claims for negligence, gross negligence, and negligent supervision fail as against UHSD because the Complaint does not plausibly allege that UHSD owed Plaintiff a duty. *Iqbal*, 556 U.S. at 678.

**C.    Plaintiff's Claims for Negligence, Gross Negligence, and Negligent Supervision Also Fail Because the Complaint Does Not Allege That UHSD Knew or Should Have Known That Pee Dee Staff Posed an Undue Risk of Harm.**

Those same claims fail for another reason. To the extent Plaintiff proceeds on a theory that UHSD's purported employment, retention, or supervision of Pee Dee staff created an undue risk of harm to Plaintiff, the Complaint does not plead the knowledge required to support such a claim. As UHSD notes, that theory hinges on "two fundamental elements—knowledge of the employer and foreseeability of harm

to third parties." *Kase v. Ebert*, 707 S.E.2d 456, 459 (S.C. Ct. App. 2011). South Carolina law likewise recognizes that an employer's knowledge of an employee's dangerousness is an element of negligent supervision. *Doe v. Bishop of Charleston*, 754 S.E.2d 494, 501 (S.C. 2014). And where such a claim survives, the pleadings typically include allegations supporting a reasonable inference that the employer knew or should have known of prior misconduct by the same employee. *See Doe by Doe v. Greenville Hosp. Sys.*, 448 S.E.2d 564, 568 (S.C. Ct. App. 1994).

Here, although Plaintiff generally alleges that "Defendants" had duties to properly staff the facility, properly train and retrain staff, and terminate staff who failed to report abuse, the Complaint does not allege that UHSD employed the relevant Pee Dee staff members, evaluated them, monitored them, retained them after prior misconduct, or otherwise knew or should have known that any particular staff member posed a risk of sexual or physical abuse or would allow such abuse to occur without intervention or reporting. Nor does the Complaint allege that UHSD learned of the incidents involving Plaintiff and then chose to retain the staff members involved. Without such allegations, there is no factual basis for Plaintiff's negligence, gross negligence, or negligent supervision claims to the extent they are premised on UHSD's purported hiring, retention, or supervision of dangerous employees.

Accordingly, these claims independently fail for lack of allegations showing that UHSD had actual or constructive knowledge.

**D.      Plaintiff's Claims for Negligence, Gross Negligence, and Negligent Infliction of Emotional Distress Fail to the Extent They Rest on a Vicarious Liability Theory.**

10

Plaintiff's negligence, gross negligence, and negligent infliction of emotional distress claims also fail to the extent they are based on a vicarious-liability theory. In the Complaint, Plaintiff alleges that "Defendants" are liable for the acts and omissions of their employees and/or agents. (DE 1-1 ¶¶ 89, 109, 144.) UHSD argues that even if Plaintiff had adequately alleged that UHSD employed any Pee Dee staff members, which he has not, the Complaint still would not state a viable vicarious-liability claim because the acts alleged were outside the course and scope of employment. The Court agrees.

Under the authorities cited by UHSD, respondeat superior liability extends only to acts occurring within the course and scope of employment and in furtherance of the employer's business. *See Doe v. S.C. State Budget & Control Bd.*, 494 S.E.2d 469, 472–73 (S.C. Ct. App. 1997); *Loadholt v. S.C. State Budget & Control Bd.*, 528 S.E.2d 670, 673–74 (S.C. Ct. App. 2000); *see also Frazier v. Badger*, 603 S.E.2d 587, 591 (S.C. 2004). The sexual assaults and physical abuse alleged here are the type of intentional and personal misconduct South Carolina courts have treated as outside the scope of employment. As to the alleged failures by Pee Dee staff to intervene or report abuse, the Complaint does not plead facts showing that those omissions are attributable to UHSD under a viable respondeat superior theory.

Accordingly, Plaintiff's negligence, gross negligence, and negligent infliction of emotional distress claims fail to the extent they are premised on UHSD's vicarious liability for the acts or omissions of Pee Dee staff.

**E.    Plaintiff's Premises Liability Claim Fails as a Matter of Law.**

Plaintiff's premises liability claim fails for substantially the same reasons. As UHSD notes, premises liability is a theory of negligence that turns on the duty owed by the party who owned or controlled the premises or custodial environment. In *Burns v. South Carolina Commission for the Blind*, the South Carolina Court of Appeals recognized that, in a residential or custodial setting, the relationship between a resident and the operating entity may be analogous to that of a business invitee, while also reiterating that there is no general duty to protect others from harm not created by one's own wrongful act absent a recognized source of duty. *See Burns v. S.C. Comm'n for the Blind*, 448 S.E.2d 589, 590–91 (S.C. Ct. App. 1994); *see also Faile v. S.C. Dep't of Juvenile Justice*, 566 S.E.2d 536, 546 (S.C. 2002). Even assuming such a premises-based negligence theory is available in a custodial or residential setting such as this one, Plaintiff still must plead facts showing that UHSD owed him the relevant duty. That said, the Complaint does not plead non-conclusory facts showing that UHSD exercised possession or control over the Pee Dee premises or over the custodial environment in which Plaintiff's alleged injuries occurred.

Here again, Plaintiff was entrusted to the custody and care of Pee Dee, not UHSD. The Complaint does not allege that UHSD employed staff at Pee Dee, was responsible for supervising or training them, managed staffing levels or reporting procedures at the facility, or otherwise exercised the direct control necessary to support a premises-liability claim. Nor does the Complaint allege that UHSD knew or should have known of any particular staff member's propensity to commit tortious or criminal acts or to allow such acts to occur without intervention. Thus, Plaintiff

12

has not plausibly alleged the threshold duty element of his premises liability claim as against UHSD.

Accordingly, the premises liability claim must also be dismissed as to UHSD.

**F.    Dismissal Without Prejudice**

Although the Court concludes that each cause of action fails as presently pled against UHSD, dismissal without prejudice is appropriate. As in *A.P.*, the deficiency here is one of pleading specificity as to UHSD's alleged role, relationship, and conduct, not necessarily an incurable legal defect. Plaintiff's principal theory in opposition is that UHSD exercised a management and control function sufficient to create duties under South Carolina law; the present Complaint simply does not plead enough defendant-specific factual matter to make that theory plausible. Under these circumstances, dismissal without prejudice is appropriate.

**G.    Motion to Strike**

In the alternative, UHSD moves to strike paragraphs 14 through 39 of the Complaint under Rule 12(f), arguing that those allegations concern nonparties, unrelated lawsuits, and incidents having no bearing on Plaintiff's claims, and serve only to cast UHSD and the other defendants in an unfavorable light and conflate the issues in the case. (DE 5-1 at 14–15.) Plaintiff responds that those allegations bear on knowledge, foreseeability, recklessness, and the broader theory that the conditions at Pee Dee were maintained through centralized management decisions. (DE 20.)

The Court need not resolve that alternative request on the merits here. Because the Court concludes that Plaintiff's claims against UHSD must be dismissed

without prejudice under Rule 12(b)(6), UHSD's alternative motion to strike is denied as moot.

## IV.      CONCLUSION

For the foregoing reasons, Defendant UHS of Delaware, Inc.'s Motion to Dismiss (DE 5) is **GRANTED**, and Plaintiff's claims against UHS of Delaware, Inc. are **DISMISSED WITHOUT PREJUDICE**. Defendant UHS of Delaware, Inc.'s alternative Motion to Strike is **DENIED AS MOOT**. Plaintiff may file an amended complaint within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 3, 2026

14